# IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI

Eugene Preston Burrell    1008651    )
(full name)              (Register No).  )
_____ )
_____ )
                                        )   Case No. _____
            Plaintiff(s).               )
                                        )
v.                                      )
                                        )
                                        )
Corizon, LLC, et al.                    )   Defendants are sued in their (check one):
(Full name)                             )   ___ Individual Capacity
_____ )   ___ Official Capacity
_____ )    X  Both
            Defendant(s).               )

## COMPLAINT UNDER THE CIVIL RIGHTS ACT OF 42 U.S.C. § 1983

I.  Place of present confinement of plaintiff(s): **See attached**
    _____

II. Parties to this civil action:
    Please give your commitment name and any another name(s) you have used while incarcerated.

    A. Plaintiff __**See attached**_____ Register No. _____
       Address _____
       _____

    B. Defendant __**See attached**_____
       _____
       Is employed as _____
       _____

For additional plaintiffs or defendants, provide above information in same format on a separate page.

1

Case 6:20-cv-03129-RK    Document 1    Filed 04/24/20    Page 1 of 18

III. Do your claims involve medical treatment?  Yes X   No ___

IV. Do you request a jury trial?  Yes X   No ___

V. Do you request money damages?  Yes X   No ___

State the amount claimed?  See attached   $_____ / _____ (actual/punitive)

VI. Are the wrongs alleged in your complaint continuing to occur?  Yes X  No ___

VII. Grievance procedures:

A. Does your institution have an administrative or grievance procedure?
Yes X   No ___

B. Have the claims in this case been presented through an administrative or grievance procedure within the institution?  Yes X   No ___

C. If a grievance was filed, state the date your claims were presented, how they were presented, and the result of that procedure. (Attach a copy of the final result.)
The attached details all grievances that were filed related to the claims made in this Complaint. Copies of all grievances are in the possession of the Defendants and will be produced during discovery.

D. If you have not filed a grievance, state the reasons.
n/a

VIII. Previous civil actions:

A. Have you begun other cases in state or federal courts dealing with the same facts involved in this case?  Yes ___   No X

B. Have you begun other cases in state or federal courts relating to the conditions of or treatment while incarcerated?  Yes ___   No X

C. If your answer is "Yes," to either of the above questions, provide the following information for each case.

(1) Style: __n/a_____
         (Plaintiff)                    (Defendant)
(2) Date filed: _____

2

(3) Court where filed: __n/a__

(4) Case Number and citation: __n/a__

(5) Basic claim made: __n/a__

(6) Date of disposition: __n/a__

(7) Disposition: __n/a__
(Pending) (on appeal) (resolved)

(8) If resolved, state whether for: __n/a__
(Plaintiff or Defendant)

For additional cases, provide the above information in the same format on a separate page.

IX. Statement of claim:

A. State here as briefly as possible the facts of your claim. Describe how each named defendant is involved. Include the names of other persons involved, dates and places. Describe specifically the injuries incurred. Do not give legal arguments or cite cases or statutes. You may do that in Item "B" below. If you allege related claims, number and set forth each claim in a separate paragraph. Use as much space as you need to state the facts. Attach extra sheets, if necessary. Unrelated separate claims should be raised in a separate civil action.

__See attached__

B. State briefly your legal theory or cite appropriate authority:

__See attached__

3

X. Relief: State briefly exactly what you want the court to do for you. Make no legal arguments.
   See attached

XI. Counsel:

   A. If someone other than a lawyer is assisting you in preparing this case, state the person's name.   n/a

   B. Have you made any effort to contact a private lawyer to determine if he or she would represent you in this civil action?    Yes____ No  x

      If your answer is "Yes," state the names(s) and address(es) of each lawyer contacted.
      n/a

   C. Have you previously had a lawyer representing you in a civil action in this court?
                                                                   Yes_____  No  X

      If your answer is "Yes," state the name and address of the lawyer.
      n/a

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed (signed) this _____ day of _____ 20__.

_____
Signature(s) of Plaintiff(s)

4

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| EUGENE BURRELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. _____ |
| ) | |
| CORIZON HEALTH, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT PURSUANT TO 42 U.S.C. § 1983

COMES NOW Plaintiff, Eugene Burrell, pursuant to 42 U.S.C. § 1983, and submits his Complaint in this cause of action.

### I. JURISDICTION AND VENUE

1. This is a civil action authorized by 42 U.S.C. Sections 1983, 1985, 1986 and 1988 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States, and the Constitution of the State of Missouri. This Court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3). This Court has jurisdiction over Plaintiff's state law tort claims under 28 U.S.C. Section 1367. Plaintiff seeks declaratory and injunctive relief, as well as actual, compensatory and punitive damages pursuant to 28 U.S.C. Sections 2201 and 2202.

2. The United States District Court for the Western District of Missouri is an appropriate venue under 28 U.S.C. Section 1391 (b)(2) because it is where the events giving rise to this claim occurred.

1

## II. PARTIES

### A. PLAINTIFF

3. Plaintiff, Eugene Burrell, is a prisoner of the State of Missouri in the custody of the Missouri Department of Corrections, ("MDOC"), confined to the South Central Correctional Center, ("SCCC"), and located in Licking, Missouri.

### B. DEFENDANTS

4. Unless otherwise specified, all Defendants named herein were employed by Corizon Health, LLC, and had their principle office located at the SCCC located at 255 W. Highway 32, Licking, Missouri, during the period of the allegations made within this Complaint.

5. Defendant Corizon Health, LLC, is a healthcare provider contracted by the MDOC to provide medical care and healthcare services to inmates confined to the MDOC, and has its principle office located at 1320 Creek Trail Drive, Jefferson City, Missouri.

6. Defendant Ashokkumar R. Chada is a Medical Director employed by Corizon, LLC, and at all times relevant to this Complaint worked at the SCCC located at 255 W. Highway 32, Licking, Missouri 65542-9069.

7. Defendant Kathy Barton is a Director of Nursing employed by Corizon, LLC, and at all times relevant to this Complaint worked at the SCCC located at 255 W. Highway 32, Licking, Missouri 65542-9069.

8. Defendant Rene Todaro is a Health Services Administrator employed by Corizon, LLC, and at all time relevant to this Complaint worked at the SCCC located at 255 W. Highway 32, Licking, Missouri 65542-9069.

9. Defendant J. Cofield is a Director of Operations, Constituent Services with the MDOC and has his principle office located at 2729 Plaza Drive, Jefferson City, Missouri 65109-1146.

10. Defendant Thomas Bredeman is a Regional Medical Director employed by Corizon, LLC, and has his principle office located at 3720 W. Truman Blvd., Jefferson City, Missouri 65109.

11. Defendant J. Lovelace is a Regional Medical Director employed by Corizon, LLC, and has his principle office located at 3720 W. Truman Blvd., Jefferson City, Missouri 65109.

12. Defendant Michele Buckner is the Warden at the SCCC located at 255 W. Highway 32, Licking, Missouri 65542-9069. At all times relevant to the facts and circumstances surrounding this Complaint Defendant Buckner held the positions of Assistant Warden and Warden.

13. Defendant Michael Bowersox was employed at SCCC, and all time relevant to the claims made within this Complaint held the rank of Warden of SCCC. It should be noted that Defendant Bowersox is no longer employed at SCCC.

14. Defendant Jeff Norman, is employed at the MDOC, with his principle office located at 2729 Plaza Drive, P.O. Box 236, Jefferson City, Missouri, and at all times relevant to the claims made within this Complaint held the rank of Warden at SCCC.

15. Defendant Terrena Ballinger was employed at SCCC, and at all time relevant to the claims made within this Complaint held the rank of Assistant Warden of SCCC. It should be noted that Defendant Ballinger is no longer employed at SCCC.

16. Defendant Benjamin Gaddy is a medical doctor, who at all times relevant to his involvement in this Complaint was employed by Corizon, LLC, and worked at the SCCC located at 255 W. Highway 32, Licking, Missouri 65542-9069.

17. Defendant Missy Wade is employed at SCCC, and at all times relevant to the claims made within this Complaint held the rank of function unit manager.

18. Defendant Missouri Department of Corrections is a government entity in the State of Missouri and has its principal offices located at 2729 Plaza Drive, Jefferson City, Missouri 65109-1146. It should be noted that the claims raised in this Complaint involve policies, procedures, customs and common practices that were set in place by the Division of Adult Institutions, which is a part of the Missouri Department of Corrections.

19. Each Defendant is being sued individually and in his or her official capacity.

20. At all times relevant and mentioned in this Complaint, each Defendant acted jointly and/or separately under color of state law.

21. Plaintiff requests a trial by jury on all issues involving the above named Defendants.

## STATEMENT OF FACTS

22. On or about August 29, 2011, Plaintiff was committed to the MDOC.

23. Since his commitment to the MDOC as stated in paragraph 22 of this Complaint, the MDOC has been responsible for Plaintiff's medical care and treatment.

24. The MDOC has contracted Defendant Corizon, LLC, to provide medical care and treatment to the inmates committed and confined to the MDOC at the various institutions across the State of Missouri.

25. On or about August 29, 2011, Plaintiff was confined to the SCCC, where wardens Defendants Michael Bowersox, Jeff Norman and Michele Buckner have been responsible for Plaintiff's medical care and treatment since his confinement there, up until and continuing at the time of he filing of this Complaint.

26. Defendants Bowersox, Norman and Buckner, acting as agents of the MDOC, were responsible for supervising the medical care and treatment being provided by Defendant Corizon, LLC, to Plaintiff while he was placed in their custody and care during all times relevant to this Complaint.

27. Prior to his incarceration, Plaintiff suffered an injury to his left foot while serving in the U.S. military.

28. As a result of the injury Plaintiff suffered as described in paragraph 27 of this Complaint, Plaintiff was diagnosed with the medical condition Morphea, and was further determined to be disabled by the U.S. Veteran's Administration.

29. As a result of the medical condition and disability described in paragraph 28 of this Complaint, Plaintiff had received treatment and care from Veteran's Administration doctors and healthcare facilities for approximately 27 years prior to his incarceration and commitment to the care of the MDOC and the herein named Defendants.

30. Since his commitment to the MDOC and SCCC, up to and through the filing of this Complaint, Plaintiff has sought medical treatment for his condition and disability numerous times through the MDOC and SCCC medical services request procedures.

31. Defendant Corizon, LLC's healthcare officials at SCCC have failed to provide Plaintiff adequate and necessary treatment to address Plaintiff's medical conditions and his well documented disability.

32. Plaintiff has sought redress of his complaints for lack of adequate medical care and treatment through the MDOC and SCCC grievance procedure numerous times, but has been denied by the Defendants at the various stages of the processes. Those specific grievances are identified by the following grievance numbers: SCCC15-15; SCCC15-1344; SCCC15-1906; SCCC15-2201; SCCC15-2304; SCCC16-73; SCCC17-1126; SCCC17-1286; SCCC17-1449; SCCC17-1649; SCCC18-49; SCCC18-386; and SCCC18-1578.

33. Defendant Corizon, LLC, directly through its policies, procedures and/or common practices failed to use such care as a reasonably prudent health care provider would use under the same or similar circumstances in observing, diagnosing, monitoring, caring for and approving treatment or additional testing for Plaintiff and was thereby negligent in that among other things, Defendant Corizon, LLC's policies, procedures and/or common practices: allowed administrative decisions to contradict treatments prescribed by treating physicians; fostered an environment wherein an onsite treating physician's authority to override administrative decisions was non-existent or unclear; unnecessarily long delayed treatment and provision of medication by, among other things but not limited to, requiring administrative approval and failing to keep sufficient supplies on hand to meet patient needs; and emphasized cost-savings and corporate profits over the medical well being of patients.

34. Defendant Corizon, LLC, by implementation and continued use of the policies, procedures and/or common practices as outlined in paragraph 33 of this Complaint, was deliberately indifferent and negligent to Plaintiff's serious medical needs, treatment and follow-up care, and these policies, procedures and/or common practices were motivated by the desire of Defendant Corizon, LLC, to emphasize cost-savings measures and corporate profits over the medical well being of patients.

35. Defendant MDOC has maintained a policy, procedure and/or common practice or custom that has produced a culture of wide spread corruption resulting in the constitutional deprivations and mistreatment of inmates, staff and/or contracted workers. All MDOC employees, staff, officials and contracted workers are trained and encouraged to work with one another to actively engage in, participate, assist, help and promote these instances of constitutional deprivations and mistreatment of inmates, staff and/or contracted workers, and to actively or tacitly agree with other MDOC employees, staff, officials and contracted workers to ignore and/or cover up the illegal and improper actions committed by their co-workers, colleagues or other MDOC employees, staff, officials and contracted workers by blatantly ignoring or turning a blind eye to complaints made towards these constitutional deprivation, including but not limited to the filing of grievances by inmates. This culture of wide spread corruption employed by MDOC officials is further maintained by using a variety of tactics designed to intimidate, coerce, discourage or retaliate against any individual, employee,

contracted worker or inmate who would report any and all instances of wrong doing committed by MDOC staff, employees or contracted workers.

36. The policies, procedures and/or common practices used by both Defendants Corizon, LLC and MDOC were used in conjunction with one another to first deprive Plaintiff of proper medical treatment, and to further turn a blind eye to correcting or preventing further deprivation of Plaintiff's protected constitutional right to adequate medical care.

37. Defendants Barton, Buckner and Wade responded to the various IRR's, the initial stage of the grievance process, filed by Plaintiff as described in paragraph 32 of this Complaint.

38. The responses given by Defendants Barton, Buckner and Wade as described in paragraph 37 of this Complaint failed to provide Plaintiff with the requested medical care or a recommendation for the requested medical care, and intentionally mischaracterized Plaintiff's condition so as to avoid any written acknowledgment of Plaintiff's actual medical condition.

39. Defendants Barton, Buckner and Wade knew or should have known that their actions as described in paragraph 38 of this Complaint would mislead any party reviewing Plaintiff's Complaint and would aid in covering up or concealing Plaintiff's chief concerns as addressed in his grievances, and Defendants took those actions intentionally and/or with no regard to the injury it has and would continue to cause to Plaintiff.

40. The actions of Defendants Barton, Buckner and Wade as described in paragraphs 37 through 39 of this Complaint demonstrate that they failed to use such care as a reasonably competent director of nursing or healthcare provider would use under the same or similarly situated circumstances in observing, diagnosing, monitoring, caring for and approving and/or recommending treatment or additional testing for Plaintiff, and thereby failed to meet the required standards of professional competence, and was thereby negligent and deliberately indifferent to Plaintiff's serious medical needs.

41. The actions of Defendants Barton, Buckner and Wade as stated in paragraphs 37 through 40 of this Complaint were motivated by and done by an expressed or tacit intent to agree with the other Defendants, MDOC employees and/or MDOC contracted employees to engage in, actively promote, assist in executing, encourage and/or attempt to hide or cover up the actions facilitated by the policies, procedures and/or common practices employed by Defendants Corizon, LLC, and MDOC as described in paragraphs 31 through 33 of this Complaint which allowed the negligent and deliberately indifferent actions of the Defendants to occur as described within this Complaint.

42. Plaintiff filed numerous grievances appealing the decisions of the denial of relief from the initial grievance process as described in paragraphs 37 through 41 of this Complaint.

43. Defendants Todaro, Chada, Bowersox and Ballinger responded to the grievances filed by Plaintiff as described in paragraph 42 of this Complaint.

44. The responses to Plaintiff's grievance given by Defendants Todaro, Chada, Bowersox, Gaddy and Ballinger as described in paragraph 43 of this Complaint failed to provide Plaintiff with the requested medical care or a recommendation for the requested medical care, and intentionally mischaracterized Plaintiff's condition so as to avoid any written acknowledgment of Plaintiff's actual medical condition.

45. Defendants Todaro, Chada, Bowersox, Gaddy and Ballinger knew or should have known that their actions as described in paragraph 44 of this Complaint would mislead any party reviewing Plaintiff's Complaint and would aid in covering up or concealing Plaintiff's chief concerns as addressed in his grievances, and Defendants took those actions intentionally and/or with no regard to the injury it has and would continue to cause to Plaintiff.

46. The actions of Defendants Todaro, Chada, Bowersox, Gaddy and Ballinger as described in paragraphs 43 through 45 of this Complaint demonstrate that they failed to use such care as a reasonably competent Health Services Administrator or Medical Director would use under the same or similarly situated circumstances in observing, diagnosing, monitoring, caring for and approving and/or recommending treatment or additional testing for Plaintiff, and thereby failed to meet the required standards of professional competence, and was thereby negligent and deliberately indifferent to Plaintiff's serious medical needs, and/or failed to supervise the administration of medical services that were or were not being provided to Plaintiff.

47. The actions of Defendants Todaro, Chada, Bowersox, Gaddy and Ballinger as stated in paragraphs 43 through 47 of this Complaint were motivated by and done by an expressed and/or tacit intent to agree with the other Defendants, MDOC employees and/or MDOC contracted employees to engage in, actively promote, assist in executing, encourage and/or attempt to hide or cover up the actions facilitated by the policies, procedures and/or common practices employed by Defendants Corizon, LLC, and MDOC as described in paragraphs 35 through 37 of this Complaint which allowed the negligent and deliberately indifferent actions of the Defendants to occur and go unchecked as described within this Complaint.

48. Plaintiff filed numerous grievance appeals to the grievance stages described in paragraphs 42 through 47 of this Complaint.

49. Defendants Cofield, Bredeman and Lovelace filed responses to and/or reviewed and signed off on the responses Plaintiff's grievance appeal as identified in paragraph 48 of this Complaint.

50. The responses to Plaintiff's grievances given by and reviewed/approved by Defendants Cofield, Bredeman and Lovelace as described in paragraphs 48 and 49 of this Complaint failed to provide Plaintiff with the requested and necessary medical care or a recommendation for the requested and necessary medical care, and intentionally mischaracterized Plaintiff's complaint and condition so as to avoid any written acknowledgment of Plaintiff's actual medical condition.

51. Defendants Cofield, Bredeman and Lovelace knew or should have known that their actions as described in paragraphs 48 through 50 of this Complaint would mislead any party reviewing Plaintiff's complaint and would aid in covering up or concealing the negligent and deliberately indifferent conduct of the Defendants as outlined in this Complaint for failing to take corrective or preventive measures, and Defendants Cofield, Bredeman and Lovelace took these actions intentionally and/or with no regard to the injury it has and would continue to cause Plaintiff.

52. The actions of Defendants Cofield, Bredeman and Lovelace as described in paragraphs 48 through 51 of this Complaint were motivated by and done by an expressed and/or tacit intent to agree with the other Defendants, MDOC employees and/or MDOC contracted employees to engage in, actively promote, assist in executing, encourage and/or attempt to hide or cover up the actions facilitated by the policies, procedures and/or common practices employed by Defendants Corizon, LLC, and MDOC as described in paragraphs 33 through 35 of this Complaint which allowed the negligent and deliberately indifferent actions of the Defendants to occur and go unchecked as described within this Complaint.

53. Prior to his incarceration and confinement to the MDOC and the custody of Defendants as described in paragraphs 22 through 26 of this Complaint, Plaintiff was under the care of a Veteran's Administration doctor, who prescribed a specific and individualized treatment plan for Plaintiff's medical condition.

54. The medical treatment plan and Plaintiff's medical records from the Veteran's Administration were provided to the Defendants and made a part of Plaintiff's MDOC medical file.

55. Defendant Chada refused to follow the recommended treatment, care and follow-up treatment suggested by other doctors and medical professionals who examined and treated Plaintiff prior to his commitment to the MDOC.

56. Defendant Chada's refusal to follow the recommendations of treatment, care and follow-up care as outlined in paragraphs 53 through 55 of this Complaint led to the development of complications in Plaintiff's condition, further injury, permanent damage to Plaintiff's body, and the unnecessary infliction of pain and suffering.

57. As a result of Defendant Chada's refusal to provide Plaintiff with the proper medical treatment and care as described in paragraphs 53 through 57, Plaintiff has suffered the diminished quality of life and the following injuries and worsening of his preexisting conditions: Plaintiff's Morphea has gotten progressively worse; hardening of Plaintiff's skin on the ankle, foot and leg areas; limited and progressively worsening use of his leg; Plaintiff's pain level is at an estimated level of 10, especially in cold and rainy weather conditions; Plaintiff has difficulty walking; Plaintiff has lost sleep because of pain and discomfort; Plaintiff has been unable to walk and/or stand for long periods of times; loss of circulation of blood to the affected areas; Plaintiff has had to quit employment because it was difficult for him to work and he had to keep leaving work to seek medical assistance; and Plaintiff has suffered extreme mental anguish and distress due to his ongoing and debilitating medical conditions.

58. The actions of Defendant Chada as described in paragraphs 53 through 57 of this Complaint, demonstrate that he failed to use such care as a reasonably prudent doctor or healthcare provider would use under the same or similarly situated circumstances in observing, diagnosing, monitoring, caring for and approving treatment or additional testing for Plaintiff, and thereby failed to meet the required standards of professional competence and was therefore negligent and deliberately indifferent to Plaintiff's serious medical needs and/or treatment, and further caused and/or failed to stop or correct the wanton, unnecessary and continued infliction of pain and suffering upon Plaintiff.

59. Plaintiff's injuries, debilitating condition, continued unnecessary infliction of pain and the denial of adequate medical care and treatment as described in paragraphs 53 through 58 are a direct and proximate cause of Defendant Chada's refusal to provide Plaintiff with the necessary medical care and treatment that meet the required standards of professional competence.

60. The policies, procedures and/or common practices employed by the Defendants as described in paragraphs 22 through 59 of this Complaint were a direct and proximate cause of Plaintiff's injuries, debilitating condition, continued unnecessary infliction of pain and the denial of adequate medical care and treatment as outlined throughout this entire Complaint.

61. As a result of the actions of the Defendants as stated in paragraphs 22 through 60 of this Complaint, Plaintiff has suffered and continues to suffer physical pain and emotional pain.

62. Plaintiff continues to suffer unnecessary pain and the infliction of pain at the time of the filing of this Complaint, and without the requested injunctive relief contained in this Complaint, Plaintiff will continue to suffer the unnecessary and continued infliction of pain and suffering.

63. Plaintiff contacted Defendants Bowersox, Norman and Buckner several times through the inmate grievance procedure and by letters concerning the denial of adequate medical care, and Defendants Bowersox, Norman and Buckner failed to take preventive or corrective actions.

64. The actions of Defendants Bowersox, Norman and Buckner as descried in paragraphs 63 of this Complaint were motivated by and done by an expressed and/or tacit intent to agree with the other Defendants, MDOC employees and/or MDOC contracted employees to engage in, actively promote, assist in executing, encourage and/or attempt to hide or cover up the actions facilitated by the policies, procedures and/or common practices employed by Defendants Corizon, LLC, and MDOC as described in paragraphs 33 through 35 of this Complaint which allowed the negligent and deliberately indifferent actions of the Defendants to occur and go unchecked as described within this Complaint.

65. In 1997, the United States Supreme Court held that deliberate indifference by prison officials to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain in violation of the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution. This constitutional right is made applicable to the state of Missouri through the provisions of the Fourteenth Amendment to the United States Constitution and established under Missouri law by the provisions of Article I, Sections 2, 10 and 21 of the Missouri Constitution. This constitutional right has not been overturned, restricted or diminished since its establishment, and has stood clearly established since no later than 1976.

66. Under Missouri law, a person who makes presents or uses any record, document or thing knowing it to be false with the purpose to mislead a public servant who is or may be engaged in any official proceeding or investigation has committed the crime of tampering with physical evidence.

67. The constitutional rights secured under the United States Constitution and declared by the United States Supreme Court are made applicable to the states, (including the state of Missouri), pursuant to the provisions of the Fourteenth Amendment to the United States Constitution.

10

Case 6:20-cv-03129-RK    Document 1    Filed 04/24/20    Page 14 of 18

## CLAIMS

68. Plaintiff re-alleges and incorporates herein by reference all paragraphs of this Complaint with respect to the named Defendants, and in particular paragraphs 22 through 67 of this Complaint.

### COUNT I

69. The actions of Defendants Chada, MDOC and Corizon, LLC, as stated in paragraphs 22 through 67 of this Complaint in failing to provide Plaintiff with the recommended follow-up care and treatment of Morphea, constitutes deliberate indifference to Plaintiff's serious medical needs and cruel and unusual punishment in violation of Article I, Sections 2, 10 and 21 of the Missouri Constitution and the Eighth and Fourteenth Amendments to the United States Constitution, and contributed to and proximately caused the injuries and unnecessary suffering sustained by Plaintiff.

### COUNT II

70. The actions of Defendants Corizon, LLC, MDOC, Chada, Barton, Todaro, Cofield, Buckner, Wade, Bredeman, Ballinger, Gaddy and Lovelace as stated in paragraphs 22 through 67 of this Complaint in failing to take corrective or preventive measures to stop the constitutional violations and tort actions as outlined in Count I of this Complaint constituted deliberate indifference to Plaintiff's serious medical needs and cruel and unusual punishment in violation of Article I, Sections 2, 10 and 21 of the Missouri Constitution and the Eighth and Fourteenth Amendments to the United States Constitution, and contributed to and proximately caused the injuries and unnecessary suffering sustained by Plaintiff.

### COUNT III

71. The actions of Defendants Corizon, LLC, MDOC, Chada, Barton, Todaro, Cofield, Buckner, Wade, Bredeman, Ballinger, Gaddy and Lovelace as stated in paragraphs 22 through 67 of this Complaint in failing to take preventive or corrective measures, and in falsifying Plaintiff's medical records to cover up or conceal the constitutional deprivations and tort actions as stated in Counts I through VII of this Complaint, was done with the expressed and/or tacit agreement to engage with one another and/or other MDOC employees with deliberate indifference to actively participate in a conspiracy which contributed to and/or was the proximate cause of or unnecessary continuation of the above described constitutional violations as outlined in Counts I through II of this Complaint.

## RELIEF

WHEREFORE, Plaintiff requests that the Court grant the following relief:

A. Issue declaratory judgment stating that the actions of the Defendants as outlined in Counts I through III of this Complaint, violated Plaintiff's rights as stated in each respective Count.

B. Issue an injunction ordering Defendants Corizon, LLC, to send Plaintiff to a specialist to address the following medical problems and other physical ailments associated with his chronic Morphea and the injuries suffered as a result of the claims made within this Complaint.

 1. Provide Plaintiff with ankle support;

 2. Provide Plaintiff with orthodic shoe inserts;

 3. Provide necessary treatment for the callous skin and hardening of the skin associated with Morphea;

C. Award compensatory damages in the following amounts:

 1. $100,000,000.00 against Defendant Corizon, LLC.

 2. $50,000,000.00 against Defendant MDOC.

 3. $2,500,000.00 each against Defendants Bredeman, Lovelace and Chada.

 4. $2,000,000.00 jointly and severally against all Defendants for the physical and emotional injuries sustained as a result of the negligent acts and deprivations of continued care that followed.

 5. $100,000.00 jointly and severally against all Defendants for conspiring to deprive Plaintiff of his rights and allowing the negligent conduct to continue.

D. Award punitive damages.

E. Grant such other and further relief as it may appear Plaintiff is entitled.

Respectfully Submitted,

*Eugene Burrell*
Eugene Burrell
Plaintiff
Register No.
South Central Correctional Center
255 W. Highway 32
Licking, Missouri 65542-9069

Eugene Burrell #1086051
South Central Corrections Center
255 W. Hwy 32
Licking, MO. 65542

U.S. District Court
Office of the Clerk
1510 Whitaker Courthouse
400 E. Ninth St.
K.C. Mo. 64106

RECEIVED
2020 APR 24 PM 1:31
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF MO
KANSAS CITY, MO